## Kaszalowicz et ux. v. Mowry et al.

*Paul A. Koontz* and *Kaufman & Levy,* for plaintiff.

*Robert Madore,* and *Sheeline, Smith & Leopold,* for defendant.

*Richard C. Snyder* and *Paul E. Fike,* for additional defendant.

WRIGHT, P. J., March 27, 1943.—The question before us is whether or not the additional defendant in a trespass action may file a counterclaim against the original defendant, in which he (the additional de-

fendant) asserts a claim for his own damages. Theodore Kaszalowicz, son of the plaintiffs, was fatally injured in a collision between the automobile of Carl Canonico, in which the deceased was a passenger, and the truck of A. Martin Mowry. Suit was instituted against Mowry who joined Canonico as an additional defendant upon the allegation that Canonico was alone liable to plaintiffs. Canonico filed an answer and counterclaim, in which he seeks to recover against Mowry for personal injury and property damages. Mowry then petitioned for a rule to show cause why the counterclaim should not be stricken off. This rule was made returnable to the 21st day of December, 1942, and the matter was listed for argument on January 18, 1943. During this interim (to wit, on December 30, 1942), amended procedural rules governing the joinder of additional defendants became effective. Due to a continuance at the request of counsel for all parties concerned, the matter was actually not argued until March 15, 1943.

If our decision were to be governed by the former procedural rules, the counterclaim could be stricken off upon the narrow ground that Mowry is not asserting a claim (i. e. is not demanding affirmative relief) against Canonico within the meaning of former Pa. R. C. P. 2259(b). However, amended Pa. R. C. P. 2274 provides that the new rules shall apply to actions pending at the time of their adoption, and our decision must be governed by the amended rules despite the circumstance that all pleadings were filed before their effective date. We are not here determining a question of substantive law but one of procedure.

After extended consideration we have concluded that the counterclaim must be stricken off under the amended rules, but our decision cannot be based upon the same narrow ground. Amended Pa. R. C. P. 2255(a) and 2256(b) are evidently intended to permit

an additional defendant now to file a counterclaim against the original defendant even though, in sole liability cases, the original defendant does not assert a claim (i. e. demand affirmative relief) against the additional defendant. The amended rules do not contain the former limitation that a counterclaim may be asserted by the additional defendant only if the original defendant asserts a claim against him.

Our conclusion must therefore be based upon the broad ground that the cause of action being litigated is that of plaintiff, and the right of the original defendant under both former and amended Pa. R. C. P. 2252 is to join an additional defendant, not to assert a new cause of action. The original defendant is permitted to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him. This provision cannot be interpreted to permit an original defendant joining an additional defendant to assert against the latter his (the original defendant's) separate claim for damages. We do not feel that the right of the additional defendant should rise any higher, and consequently conclude that he should not be permitted to insert into the case his separate damage claim against the original defendant.

This question is not discussed in the notes of the committee on the original rules, and we do not have the benefit of any committee notes on the amended rules. However, it is our considered judgment that the original defendant's cause of action against the additional defendant and the latter's cause of action against the original defendant, so far as their separate damage claims are concerned, should be asserted in a separate action. Then, under Pa. R. C. P. 213 (a), we could order a joint trial.

## *Decree*

Now, to wit, March 27, 1943, the rule to show cause why the counterclaim filed by Carl Canonico, additional defendant, should not be stricken off is made absolute, and the said counterclaim is hereby stricken from the record. An exception is noted to Carl Canonico.